**METROPOLITAN MORTGAGE CO et v**

**NUGENT FURNITURE CO**

Ohio Appeals, 6th Dist, Lucas Co

No. 2524. Decided June 1, 1931

Orville Raudabaugh, Lima, and Boggs, Doty and Chase, Toledo, for Metropolitan Mortgage Co. et.

F. M. Sala, Toledo, for Nugent Furniture Co.

**WILLIAMS, J.**

The court below found that The Union Central Life Insurance Company had the first and best lien and that The Metropolitan Mortgage Company had the second best lien on said premises and that The Nugent Furniture Company had a third lien thereon by way of judgment, but the court refused to sell the premises subject to the mortgage of The Union Life Insurance Company, and ordered the whole premises sold and the money distributed to the lienholders.

In Volume 30, Ohio Law Bulletin & Reporter, p. 3 and 30 idem, p. 41, may be found a very interesting discussion of the law relating to sale of property on foreclosure in Ohio.

The Civil Code of Procedure, at the time it became effective July 1, 1853, contained §374, which read as follows:

"In the foreclosure of a mortgage, a sale of the mortgaged property shall in all cases be ordered."

This section was amended in 56 **Ohio Laws, 64** and 67 **Ohio Laws, 114.** In the Act to revise and consolidate the laws relating to Civil Procedure, it became §7 of **Chapter I. Division IV, 75 Ohio Laws, 667.** Upon the amendment of this section in 76 **Ohio Laws, 27,** this language remained unchanged and was carried into the Revised Statutes as §5316. The provision is now found in §11588, GC, and reads as follows:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered; * * *."

The words "or special lien enforced" were added to **R. S. §5316 in 94 Ohio Laws, 383.** This provision has been held to require a sale of the mortgaged premises in a foreclosure proceeding.

Stewart v Johnson, 30 Oh St, 24, 29;
Holliger v Bates, 43 Oh St, 437;
Winemiller v Laughlin, 51 Oh St, 421;
Stewart, Admr. v Railway Co., 53 Oh St, 151.

Although in the cases cited the foreclosure suit was brought by a junior mortgagee, the prior mortgage indebtedness was due and payable. Whether, under the provision requiring mortgaged property to be sold the mortgaged premises could be sold in a foreclosure suit brought by a junior encumbrancer by order of the court without the consent of the prior first mortgagee, where the indebtedness secured by such mortgage was not due and payable, has never been determined by the Supreme Court of Ohio. The practice in Ohio, however, has been to hold in the hands of the court sufficient

proceeds to discharge the undue indebtedness under a prior mortgage as it became due and payable.

April 25, 1928, by the enactment of **R. S. §5391, now §11675, GC,** the court was given authority to sell real estate subject to a prior lien in cases where a junior mortgage or other junior lien was sought to be enforced against real estate by decree of court. Under the law as it exists in Ohio, there is no question that the court in its discretion may order property sold and liens marshalled where all the indebtedness secured by liens is due, but a difficulty arises where the first mortgage indebtedness has not matured and the holder thereof does not consent to a sale of the property.

In the instant case the mortgage indebtedness will not mature for many years and if the owner of a judgment lien subsequent in priority can compel the foreclosure of an undue first mortgage, then funded indebtedness extending over long periods of time and not maturing for many years is placed in a precarious position. This problem is discussed in **Penn, Trustee, v Railway Co., 9 Ohio Dec. Repr., 508.** At the time of that decision §11675, GC, had not been enacted, but it is apparent that the purpose of its enactment was to take care of exactly such a situation as is presented to us.

The notes of the insurance company in the instant case contain a provision by which the whole indebtedness may be paid at any time and undoubtedly the holder thereof is required to accept payment according to the terms of its contract, but if the court sells the whole property and the amount obtained therefor is insufficient to satisfy the indebtedness owing to the insurance company, it will result in the mortgage being foreclosed before it is due and the whole amount owing not being paid. The insurance company would therefore not get the entire amount of money to which it is entitled under the terms of the mortgage contract.

In our judgment the court was without power to order the whole premises sold and thereby foreclose the lien of the first mortgage without its consent and before the maturity of the debt, and that in doing so the trial court committed prejudicial error.

For the reasons given the judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LLOYD and RICHARDS, JJ, concur.