Weygandt, C. J.
 

 The first question raised by the respondent is remedial. He insists that the relator has attempted to employ the prerogative writ of prohibition as a substitute for the usual process of appeal —a thing the law clearly forbids.
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420. However, it is sufficient to observe that the relator does not complain merely of an erroneous decision by the respondent; rather it is his position that under the facts here present the respondent is utterly without judicial power to hear or determine the cause either correctly or erroneously, and that any sort of order or judgment attempted by it would be a nullity. These alleged - circumstances constitute a typical situation for resort to the unusual remedy of prohibition. A court may not compel a party to submit to the exercise of judicial power not possessed by that tribunal.
 

 The next question necessitates a detailed history of the case in which the relator was sued in the Municipal Court of which the respondent is the judge. That court is a creature of statute, and under Section 1579-197, G-eneral Code, its civil jurisdiction is limited to claims not in excess of $1,000. The amount for which -judgment was asked upon an account against the relator was $970.16 with interest at the rate of 6% per annum from April 1, 1934. Inasmuch as the suit was filed in February, 1935, the interest then due amounted to a sum sufficient to raise the total claim above the jurisdictional limit of $1,000. Subsequently a default judgment was entered against the relator in the sum
 
 *73
 
 of $1,000. Shortly thereafter this judgment was vacated; and upon leave first obtained, but without changing the nature of the cause of action an amended petition was filed asking for a judgment not to exceed $1,000, and expressly remitting everything above that amount. An alias summons thereon was issued and served. The gravamen of the relator’s complaint is that the prayer of the
 
 'original
 
 petition asked an amount in excess of the court’s jurisdiction, and therefore that petition was a mere nullity which left the court powerless even to grant leave to file an amended petition. If this contention be correct the requested writ of prohibition must be allowed; otherwise it must be denied.
 

 Inasmuch as the jurisdiction of the Municipal Court of the city of Alliance is statutory, it is in the statutes that the answer to this controversy must be sought. The respondent relies upon Section 1579-202, General Code, which reads in part as follows:
 

 “When the amount due to either party exceeds the sum for which the municipal court is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. * * *”
 

 The relator agrees that this provision gave his adversary the right to remit the excess, but insists that the only time and place this could have been done was in the original petition. The difficulty with this theory is that there is nothing in the language of the statute to substantiate it. Neither there nor in the context can there be found any restriction providing just how or when a party may remit excess. Of course it would have been preferable for the claimant to accomplish this in his original petition in its original form, and thus avoid all possibility of difficulty in this respect, but the statute contains no hint of proscribing either an amendment to thé original petition itself or the filing of an amended petition. Clearly it would be im
 
 *74
 
 proper for this court to read into the statute a judicially legislated limitation which the General Assembly itself has not seen fit to include.
 

 But aside from the particular controlling statute here involved, by the great weight of authority it is the general rule that without effecting a substantial change in its nature, a pleading may be amended by the insertion of jurisdictional averments. Section 11363, General
 
 Code;
 
 21 Ruling Case Law, J579; 49 Corpus Juris, 505. In 28 L. R. A., 229, appears the statement that “while a remission of a part of a claim is usually made by a voluntary credit before suit or by bringing suit for a less amount than the whole, it may as a general rule be made during the pendency of the action as well as before its commencement.” In
 
 Lamberton
 
 v.
 
 Raymond,
 
 22 Minn., 129, where the complaint was amendéd by reducing the amount demanded so as to bring it within the justice’s jurisdiction and both parties proceeded with the trial, it was held that the conduct of the parties after the amendment conferred jurisdiction. In
 
 West
 
 v.
 
 Hatfield,
 
 Morris (Iowa), 493, the defendant in an action in a justice’s court filed a set-off for an amount in excess of the jurisdictional limit, but he admitted to the justice that he claimed only a balance which was within the limit, and this was held sufficient to sustain the jurisdiction. In the case of
 
 People, ex rel. Brownson,
 
 v.
 
 Marine Court of City of New York,
 
 36 Barb., 341, it was held that a writ of prohibition will not issue to an inferior court “on the ground that the debt for which the plaintiff was entitled to sue, in the court below, was larger than the jurisdiction of that court permitted to be recovered there; provided the plaintiff, to obviate that difficulty, remits all beyond the amount of which the court has jurisdiction.” This rule is a liberal and salutary one that should be steadily adhered to in the furtherance of substantial justice " and in avoiding point
 
 *75
 
 less circuity of action. Likewise it is elementary law that when a party substitutes an amended petition for an earlier one, this constitutes an abandonment of the earlier pleading and a reliance upon the amended one. The earlier pleading becomes
 
 functus officio.
 
 31 Ohio Jurisprudence,
 
 955;
 
 21 Ruling Case Law, 587;
 
 Crawford
 
 v.
 
 Dist. School Board No. 7, Klamath
 
 County, 68 Or., 388, 137 P., 217, 50 L. R. A. (N. S.), 147. There is a further .feature of this litigation requiring comment. Although the respondent had been, served with the alternative writ on February 18, 1936, for some unexplained reason he nevertheless proceeded to enter a purported judgment against the relator the next day. This was of course highly improper, inasmuch as the service of the alternative writ effectively precluded further action by the respondent in that matter until final disposition of the instant case. That entry should be summarily vacated.
 

 •- The judgment of the Court of Appeals must be reversed and final judgment entered for the respondent.
 

 Judgment reversed.
 

 Stephenson, Williams, Jones, Matthias and Day, JJ., concur.