Weygandt, C. J.
 

 The single question requiring the attention of this court at this time is whether the Court of Appeals was correct in limiting its consideration to the dismissal of the petition and in refusing to review the action of the trial court striking several substantial allegations from the petition.
 

 The plaintiffs' contend that they had the right to elect whether to amend or to rely upon their original petition. They concede the power of the trial court to strike the allegations from the petition and to enter the judgment of dismissal when they refused to amend, but they strenuously insist that
 
 both
 
 phases of the trial court’s action are subject to review. The Court of Appeals agreed with the plaintiffs’ view that the action of the trial court constituted a final order, but held that until after the trial of the ease there could be no review of that part of the order striking the allegations from the petition.
 

 As this matter now stands the plaintiffs find themselves in an anomalous and bewildering dilemma. A substantial part of their claim for damages has been stricken from their petition. First they are told that they have mistaken their remedy in attempting to appeal at this time before the case has been tried. Then they are told that their only remedy was to avail themselves of the opportunity the trial court gave them to file an amended petition omitting this important part of their claim and thus changing the theory of their case. But if they had followed this suggested devious course by filing an amended petition and proceeding to trial upon one part of their claim alone, what then would have been their situation when finally asking the Court of Appeals to review that
 
 *277
 
 portion of the trial court’s order striking the other part of their claim from the original petition? Obviously they would have been met with the proper and effective rebuff that by filing an amended petition they had waived that part of their claim omitted therefrom. As pointed out on page 75 of the opinion in the case of
 
 State, ex rel. Talaba,
 
 v.
 
 Moreland, Judge,
 
 132 Ohio St., 71, 5 N. E. (2d), 159, “it is elementary law that when a party substitutes an amended petition for an earlier one, this constitutes an abandonment of the earlier pleading and a reliance upon the amended one. The earlier pleading becomes
 
 functus officio.”
 
 The plaintiffs' had the right to elect to rely upon their original petition and have judgment entered against them in order to ask the reviewing courts to determine at once whether the trial court was correct in striking out a substantial part of their claim. As stated in 2 Ohio Jurisprudence, 799, Section 683, “it is * * * prejudicial error to strike from a pleading language which is material and proper to be averred.” It of course will not do to say to the plaintiffs that the order entered against them is final but not immediately and completely reviewable. If it is final it manifestly is subject to immediate review.
 

 The Court of Appeals relied principally on the decision of this court in the case of
 
 Toledo Rys. & Light Co.
 
 v.
 
 Klink,
 
 81 Ohio St., 561, 91 N. E., 1141. The difficulty with this case is that it came to this court under the procedure in vogue before the Constitution of Ohio was amended in 1912, and the decision was announced unaccompanied by an opinion indicating the court’s' rationale. It is therefore impossible to determine how the court decided each of the several questions.presented. It might have concluded merely that the trial court was correct in striking certain allegations from the petition.
 

 The judgment of the Court of Appeals must be reversed and the cause remanded to that court with
 
 *278
 
 instructions to consider and determine the correctness of the trial court’s action in striking a substantial part" of the plaintiffs ’ claim from their petition.
 

 Judgment reversed and cause remanded.
 

 Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.