Matthias, J.
The issue in-this cause is whether an action is properly commenced so as to bar the defense of the statute of limitations, where such action is instituted within the statutory period of limitation against one acting as administrator whose letters of administration, although applied for within the period of limitation, were hot issued until such period had elapsed.
The general rule is, of course, that an administrator has no power or authority to act as a representative of the estate until he is properly vested with authority by issuance of letters of appointment to him by the Probate Court. This rule has been incorporated in the statutes of Ohio.
Section 2109.02, Revised Code, states in part:
“No act or transaction by a fiduciary shall be valid prior to the issuance of letters of appointment to him.”
In spite of this statutory mandate, plaintiff contends that the appointment of the administrator when completed relates back to the time of the application for his letters of appointment.
The doctrine of “relation back” was applied in the cases of Archdeacon, Admr., v. Cincinnati Gas & Electric Co., 76 Ohio St., 97, and Douglas, Admx., v. Daniel Bros. Coal Co., 135 Ohio St., 641. An examination of those cases reveals that in each *236 instance the application of the doctrine was in accordance with the general view that snch doctrine would be applied in those instances where the result would be to benefit the estate.
Plaintiff contends that a benefit to the estate is not necessary to the doctrine of “relation back,” but an investigation of the underlying reasons for the rule reveals that plaintiff’s contention is not sound.
Customarily, there is a delay between death and the appointment of an administrator, and during this period rights ofttimes accrue which might well be lost to the estate if someone, even one without authority, could not act to protect such rights and have such acts subsequently validated by the proper appointment of an administrator. Thus, “relation back” is necessary to protect estates and aid administrators in the fulfillment of their duties of administration.
On the other hand, one who has a claim against an estate which has been relieved from administration has it within his power to preserve such claim by instigating the appointment of an administrator to whom he can present such claim. See Section 2113.06, Revised Code. If such a party fails through lack of diligence to procure such appointment within time to properly urge his claim, or, as in the present cause, he starts such procedure but fails to see that it is consummated, the law should not come to his aid.
Since the doctrine of “relation back” in the appointment of an administrator applies only in those instances where the application of the doctrine results in a benefit to the estate, there can be no such application in this cause.
Plaintiff’s next contention is that, since decedent was killed in the accident, the statute of limitations has not run because there was no one to whom he could present his claim until the administrator was properly appointed.
Since decedent was killed in the accident and plaintiff was injured at the same time, plaintiff’s cause of action accrued either at the time of decedent’s death or before decedent died. If it accrued prior to decedent’s death, then clearly the statute of limitations commenced running at that time and was not tolled by decedent’s subsequent death. Granger’s Admr. v. Granger, 6 Ohio, 35; Bartlow v. Kinnard, 38 Ohio St., 373; annotation, 174 A. L. R., 1423. If the cause of action arose at the *237 same time as decedent’s death, then we are confronted with a more difficult proposition. Ordinarily, a cause of action accrues at the time the injury is sustained, but plaintiff contends that in a case such as this the statute of limitations can not run because there is no one in existence to proceed against until an administrator is appointed.
In support of this proposition plaintiff cites the case of Holies v. Riddle, Admr., 74 Ohio St., 173. That case holds that, where the defendant dies at the time of the accrual of the cause of action, the statute of limitations does not begin to run until an administrator is appointed, upon the theory that until such appointment there is no one in existence to whom a claim can be presented. The difficulty with such a rule is that it makes it possible for a claimant in a case where no administrator is appointed to withhold his claim indefinitely without proceeding with the diligence generally required by the law.
The reasoning of the Holies case is repugnant to the normal procedure in probate matters, where the early settlement of estates is favored. We think that the holding in the Holies case leads to an indefensible prolongation of matters which should be expeditiously concluded. Therefore, the Holies case is overruled.
There is no sound reason why a distinction should be made between cases where the defendant survives the accident from which the injuries occurred and those in which the defendant is killed. Thus, the statute of limitations for an action for personal injuries begins to run at the time of the injuries even though the person against whom such action would be brought is killed in the accident.
If this seems to be a harsh result to the plaintiff in this instance, it need not have been. Plaintiff had immediate 1m owl - edge of the death of the decedent and a course of action to pursue. Under Section 2113.06, Revised Code, plaintiff had the power to secure the appointment of an administrator within the statutory period of limitation. In fact, plaintiff was aware of this but failed, through his own lack of diligence, to perfect the appointment. Plaintiff’s failure should not lead to the relaxation of what we think should be the sounder rule in such instances, that is, where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed. *238 to procure the appointment of an administrator against whom he can proceed.
Plaintiff’s final contention is that the original petition was filed against codefendants, alleging joint venture, and that service on the other defendant, Jake Sweeney, Inc., commenced the action as to the administrator, under Section 2305.17, Revised Code.
Section 2305.17, Revised Code, as in effect in 1956, read in part :
“An action is commenced * * * as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. * * *”
Inasmuch as Sweeney was not dismissed by entry in the trial court, plaintiff asserts that the service on Sweeney commenced the action as to the administrator.
Plaintiff makes this contention, even though plaintiff’s second amended petition was not directed to Sweeney as a defendant and the allegations pertaining to Sweeney were entirely omitted therein. Trial was commenced on the second amended petition and supplement thereto, and prior pleadings were no longer part of the cause. As was stated by this court in paragraph one of the syllabus in Grimm v. Modest, 135 Ohio St., 275, “the substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one.” See, also, Raymond v. T., St. L. & K. C. R. R. Co., 57 Ohio St., 271, and State, ex rel. Talaba, v. Moreland, Judge, 132 Ohio St., 71, 75.
The effect of plaintiff’s filing of his second amended petition and supplement, omitting therein Sweeney as a defendant, was to abandon the action as to Sweeney. Since Sweeney was eliminated as a defendant, plaintiff can not now utilize the service upon Sweeney to claim commencement of the action as to the administrator.
Since plaintiff’s contentions are without merit, the judgment of the Court of Appeals is affirmed.

Judgments affirmed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.