OPINION
{¶ 1} This appeal is brought by Nationwide Insurance Company from the judgments of the Court of Common Pleas, Hancock County, denying their motion for summary judgment and granting summary judgment to appellees Case Corporation, Ag Credit and Burkhart Farm Center, Inc.
 {¶ 2} The relevant facts, from which this court's conclusions are drawn, are almost entirely procedural in nature. Thus, in order to effectuate a cognizant understanding of the decision forthcoming, we must first dissect the veritable motion war that took place below. On July 9, 1998, Daryl Bushong's tractor inexplicably caught fire and was destroyed. Bushong acquired the tractor, a used 1991 model manufactured by appellee Case Corporation (Case), from appellee Burkhart Farm Center (Burkhart) on January 11, 1996. Appellee Ag Credit financed the transaction for Bushong by purchasing the tractor from Burkhart and then executing a lease-purchase agreement, or finance lease, with Bushong. At all times relevant to this matter, appellant Nationwide Insurance Company (Nationwide) insured the tractor through a blanket commercial farm policy containing a subrogation provision entitling Nationwide to seek reimbursement for any damages paid out as a result of a claim made by an insured. Nationwide paid Bushong $69,545.67 for the loss of the tractor.
 {¶ 3} Thereafter, on June 9, 2001, standing in the shoes of Bushong, Nationwide filed a Complaint in the Hancock County Court of Common Pleas against Case, alleging: (1) negligent product design; (2) strict liability; (3) negligent failure to warn of the tractor's dangerous propensities; and (4) breach of express or implied warranties based upon fitness and merchantability. After a brief period of discovery, Case filed a motion for summary judgment arguing that Nationwide's tort claims were barred due to the commercial nature of Bushong's purchase. On April 18, 2001, the trial court granted Case summary judgment on all claims sounding in tort but denied summary judgment with respect to the remaining breach of warranty claim.
 {¶ 4} On May 21, 2001, Nationwide obtained leave from the trial court to file a First Amended Complaint. The amended complaint alleged breach of express and implied warranty claims against Case Corporation and two new defendants, Burkhart and Ag Credit Union Inc. In addition to the breach of warranty claims, the amended complaint asserted various tort claims against the two new defendants. The amended complaint did not reassert tort causes of action against Case. The trial court later allowed Nationwide to file a second amended compliant naming Ag Credit as a defendant rather than Ag Credit Union, Inc., an entirely separate entity.
 {¶ 5} Case responded to the first amended complaint on June 11, 2001 by filing a motion to dismiss, which the trial court later converted to a motion for summary judgment. On December 6, 2001, the trial court granted Case summary judgment on the breach of warranty claim and ordered Case dismissed from the current action. Meanwhile, on December 6, 2001, Ag Credit filed a motion for summary judgment with respect to Nationwide's claims for strict liability, negligent failure to warn, negligent leasing and breach of warranty. Ag Credit argued that as a finance lessor, having no express or implied liability in tort or contract for the tractor, they were entitled to judgment as a matter of law. Additionally, on January 22, 2002, Burkhart filed a motion for summary judgment on all claims asserted against it by Nationwide to include, negligent leasing and or selling, strict liability, negligent failure to warn and breach of express or implied warranties.
 {¶ 6} On January 11, 2002, Nationwide filed a motion captioned as follows:
 {¶ 7} "Plaintiff's memorandum contra to defendant Ag Credit's motion for summary judgment; and Plaintiff's motion for summary judgment as to the issues of the implied warranties of merchantability and fitness and negligent products liability claims; and Plaintiff's motion for reconsideration clarification of this court's December 6, 2001 decision; and Plaintiff's motion for reconsideration, clarification of this court's April 18 2001 decision."
 {¶ 8} Despite its multi-purposed title, Nationwide's motion does not delineate issues or parties but instead submits one generalized argument. What can be gleaned from the body of the document is that Nationwide opposed summary judgment for Ag Credit, and furthermore sought summary judgment on all causes of actions brought against Case and Ag Credit. Insofar as the trial court had already dismissed Case from the action, Nationwide sought reconsideration. Later, on February 4, 2002, Nationwide filed an opposition to Burkhart's motion for summary judgment and a reply in support of its own motion for summary judgment as to the issues of implied warranties and negligence. Despite never having filed a motion for summary judgment against Burkhart on any claim, Nationwide's memorandum argues as if such a motion were before the court for consideration.
 {¶ 9} On May 9, 2002, the trial court reaffirmed its prior dismissal of all tort causes of action filed against Case and its dismissal of Case from the action. Finally, on July 24, 2002, the trial court, in a joint order, granted summary judgment to Ag Credit and Burkhart on all causes of action brought against each party respectively. Moreover, the trial court denied Nationwide's motion for summary judgment on the breach of implied warranty claims asserted against Ag.
 {¶ 10} Appellant now appeals from the April 18, 2001, December 6, 2001, May 9, 2002 and July 24, 2002 orders granting and/or affirming summary judgment to Case, Ag Credit and Burkhart. Appellant raises the following assignments of error:
 {¶ 11} "I. The trial court erred in granting Case Corporation's motion for summary judgment.
 {¶ 12} "II. The trial court erred in holding that the common law causes of action of "Failure to Warn" and "Negligent Design" failed to survive the enactment of the Ohio Products Liability Act, R.C. 2307.71.
 {¶ 13} "III. The trial court erred in granting AG Credit's motion for summary judgment.
 {¶ 14} "IV. The trial court erred in denying plaintiff/appellant's motion for summary judgment as to AG Credit.
 {¶ 15} "V. The trial court erred in granting Burkhart Farm Center's motion for summary judgment.
 {¶ 16} "VI. The trial court erred in denying plaintiff/appellant's motion for summary judgment as to defendant, Burkhart Farm Center, Inc., Case Corporation and AG Credit as to Appellant's implied warranty claims.
 {¶ 17} "VII. The trial court erred by finding that Appellants claims against the Burkhart Farm Center Inc. were barred by the Statute of Limitations."
 {¶ 18} As an initial matter, we point out that pursuant to App.R.16(7), an appellant's brief must present an argument as to each assignment of error. Here, Nationwide advances seven assignments of error. However, by combining various assignments, Nationwide presents only four arguments. Therefore, we will conduct our review in a similar manner and address the combined errors as one.
 First Second Assignments of Error {¶ 19} Nationwide's first two assignments of error address the April 18, 2001 order of the trial court granting Case summary judgment with respect to the tort claims asserted against Case; negligent product design, failure to warn and strict liability. Additionally, appellant assigns error to the May 9, 2002 order affirming that decision. For the reasons stated below, we find that this court lacks jurisdiction to review either order.
 {¶ 20} As stated above, Nationwide's original complaint asserted three causes of action against Case sounding in tort. Nationwide's first amended complaint and second amended complaint however, allege only one cause of action against Case; breach of express or implied warranty. It is well stated law that an amended complaint constitutes an abandonment of the all previous complaints. Soc. Bank Trust Co. v. Zigterman
(1992), 82 Ohio App.3d 124, 611 N.E.2d 477; Grimm v. Modest
(1939), 135 Ohio St. 275, 20 N.E.2d 527. Consequently, by neglecting to reassert the three tort claims against Case in its amended complaints, Nationwide abandoned those claims. Therefore, the April 18th, 2001 and May 9, 2002 orders rendered by the trial court addressing the tort claims are null and void. Insofar as this court does not have jurisdiction to review void orders, we are unable to reach the merits of Appellant's arguments. Therefore, appellant's first and second assignments of error are overruled.
 Third Fourth Assignments of Error {¶ 21} Nationwide next argues that the trial court erred by denying it, and granting Ag Credit, summary judgment. Appellant's sole argument in support of this position is that the trial court did not have the authority to allow Ag Credit to amend its answer to include the affirmative defense of waiver of warranties. We do not find appellant's argument to be well taken.
 {¶ 22} In its second amended complaint, filed on June 26, 2001, Nationwide asserted four causes of action against Ag Credit; negligent leasing, strict liability, failure to warn and breach of express or implied warranties. Ag Credit moved for summary judgment on each of the claims arguing that as a finance lessor, having no express or implied liability in tort or contract for the tractor, it was entitled to judgment as a matter of law. Attached to Ag Credit's motion for summary judgment was a copy of a finance lease, executed by Nationwide's subrogee and Ag Credit, clearly identifying the lease as a finance lease and waiving all express and implied warranties regarding the tractor.
 {¶ 23} Nationwide opposed summary judgment and filed a cross-motion for summary judgment arguing that Ag Credit had failed to raise waiver of warranties as an affirmative defense in its initial answer and therefore, could not raise it for the first time on summary judgment. Remarkably, Nationwide did not assert counter arguments with respect to the three tort claims asserted against Ag Credit. In response to Nationwide's opposition and cross-motion, Ag Credit moved the trial court for leave to file an amended answer to the second amended complaint. The trial court granted Ag Credit's request and on Feb 12, 2002, Ag Credit filed an amended Answer stating four new affirmative defenses including their status as a finance lessor. Nationwide did not thereafter present alternate arguments for or against summary judgment in response to Ag Credit's amended answer.
 {¶ 24} On July 24, 2002 the trial court granted Ag Credit summary judgment on all claims stating that as a matter of law, Nationwide could not maintain a tort action against a finance lessor. The trial court further held that the Nationwide's subrogee specifically disclaimed any and all warranties and had accepted that disclaimer to be an integral condition of the lease. Now, on appeal, appellant argues that the trial court did not have the authority to grant Ag Credit leave to file an amended answer and therefore, the trial court erred by considering the waiver defense. Notably, Nationwide's appellate brief does not raise error or argument pertaining to the trial court's decision regarding the merits of the three tort claims asserted against Ag Credit.
 {¶ 25} Contrary to appellant's assertion, Ohio Civ.R.15(A) grants the trial court the authority to allow a party to amend a pleading. As stated by the Supreme Court of Ohio: "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied `to effect just results.' Pleadings are simply an end to that objective. The mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave `shall be freely given when justice so requires.'" Petersonv. Teodosio (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113; See, also,Mc.Glone v. Spade, Crawford App. No. 3-01-26, 2002-Ohio-2179, ¶ 56. Nationwide was not prejudiced by Ag Credit's amended Answer or the addition of the affirmative defenses as they faced no obstacles which they would not have faced had the original pleading raised the defense. Indeed, Nationwide had ample opportunity, before and after the amended Answer, to raise arguments in response to the merits of Ag Credit's motion for summary judgment but chose not to. Consequently, we find that the trial court did not abuse its discretion when it granted Ag Credit's motion for leave to file an amended answer.
 {¶ 26} Having found no procedural defect, we now reach the merits of Nationwide and Ag Credit's motions for summary judgment. Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-687. We review the grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720,681 N.E.2d 1388, 1389-1390. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8,536 N.E.2d 411, 413-414.
 {¶ 27} To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Id. at 293. The non-moving party is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
 {¶ 28} Regarding Nationwide's motion for summary judgment, confusingly intertwined with several other motions, we find that Nationwide has failed to meet its initial burden. Nationwide does not cite to facts in the record, much less to law, that would entitled it to judgment as a matter of law for breach of warranty. Nationwide's only argument for summary judgment, both to the trial court and here on appeal, is that Ag Credit should not have been allowed to file an amended answer. In fact, after reading Nationwide's motion for summary judgment, we are unable to determine on what theory or theories Nationwide intended to hold Ag Credit, a finance company, liable for negligent leasing, strict liability, failure to warn and breach of express or implied warranties.
 {¶ 29} On the contrary, Ag Credit's motion for summary judgment correctly points out that the Ohio Products Liability Act provides that "any person who acts only in a financial capacity with respect to the sale of a product, or who leases a product under a lease arrangement in which the selection, possession, maintenance, and operation of the product are controlled by a person other than the lessor, is not a supplier subject to liability." R.C. 2307.71(O)(2)(d). See also Long v.Tokai Bank of California (1996) 114 Ohio App.3d 116, 682 N.E.2d 1052, appeal not allowed 77 Ohio St.3d 1547, 674 N.E.2d 1186. The prevailing logic is that a finance lessor, which merely offered the use of money and neither marketed the machine nor placed it in the stream of commerce, should not be liable for damages sustained by defects with that machine. See Products Liability: Application of Strict Liability in Tort Doctrine to Agency Merely Financing Sale or Lease-Purchase of Personal Property, 28 ALR 4th 326.
 {¶ 30} Attached to Ag Credit's motion for summary judgment is a valid finance lease, as defined by R.C. 1310.01(7), signed by Nationwide's subrogee acknowledging (1) that Ag Credit was acting only in a financial capacity with respect to the tractor, (2) that Ag Credit played no part in selecting the tractor, and (3) that Ag Credit did not make any express or implied warranties regarding the tractor. Subsequent to the presentation of these facts, the burden shifted to Nationwide to present issues of material fact such that summary judgment would not be proper. Nationwide did not respond to the arguments in Ag Credit's motion, but argued only as to the propriety of Ag Credit's amended Answer. Consequently, we find that Nationwide failed to meet its burden and that Ag Credit is entitled to judgment as matter of law regarding claims for negligent design, failure to warn, strict liability, and breach of express or implied warranty. Appellant's third and fourth assignments of error are therefore overruled.
 Fifth and Sixth Assignments of Error {¶ 31} Here again, Nationwide asserts one argument for two assignments of error. Complicating matters, the assignments of error as stated present different issues. Nevertheless, Nationwide's argument fails to delineate the issues according to party or cause of action. Therefore, we will address each assignment of error as literally stated and will not attempt to conform to the order or content of appellant's argument.
 {¶ 32} Appellant first argues that the trial court erred by granting Burkhart summary judgment on all four causes of action asserted in the Second Amended Complaint. In its motion for summary judgment, Burkhart argued that the claims asserted by Nationwide were barred by the statute of limitations. We agree.
 {¶ 33} The statute of limitations for tort claims, including negligence, strict liability and products liability for damage to personal property is two yours from the date of loss. R.C. 2305.10. Furthermore, R.C. 1302.98(A) requires that all causes of action for breach of warranty in the sale of goods must be commenced not later than four years from the date that the cause of action accrues. The cause of action accrues when tender of delivery is made. R.C. 1302.98(B).
 {¶ 34} Burkhart's motion for summary judgment laid out the following facts. David Bushong's tractor caught fire on June 9, 1998. Therefore, Nationwide's tort claims against Burkhart expired on June 9, 2000. Moreover, David Bushong signed the finance lease for the tractor on January 8, 1996. Bushong testified during deposition that he had the tractor in his possession no later than January 11, 1996, making that day the latest possible date for the tender of delivery. Therefore, both the two-year tort statute of limitations and the four-year breach of warranty statute of limitations expired prior to Nationwide filing this action on May 21, 2001.
 {¶ 35} In response and with respect to the breach of warranty claim, Nationwide points to an issue of fact as to the exact date of tender. We reject this as not being material. There is indisputable evidence in the record that Bushong had the tractor in his possession in January 1996. This action was instituted against Burkhart five years and five months later in May 2001. Therefore, no matter the day in January the tractor was tendered, the statute of limitations would still bar a breach of warranty claim.
 {¶ 36} Nationwide then goes on to argue that the statute of limitations began to run when Bushong became aware of the tractor's defects. Nationwide does not qualify its argument as pertaining to the claims sounding in tort or the claims sounding in contract. What's more, Nationwide offers no authority to support its argument, most likely because it defies the well stated law in both tort and contract. Finally, Nationwide alludes to a promise of future performance that would act to toll the statute of limitations. And yet, Nationwide fails to identify evidence in the record that would indicate such a promise was made by Burkhart or any other appellee. Thus, Nationwide has failed to meet its burden to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial with respect to any of the four causes of action asserted against Burkhart.
 {¶ 37} Appellant next argues that the trial court erred by denying its motion for summary judgment as to the implied warranty claims against Burkhart Farm Center, Inc., Case Corporation and Ag Credit. Insofar as we have already addressed and affirmed the trial court's decisions regarding the breach of warranty claims filed against Ag Credit (subrogee signed waiver of all express and implied warranties) and Burkhart (statute of limitations expired), only the breach of warranty claim against Case remains.
 {¶ 38} Case filed a motion for summary judgment on the breach of express and implied warranty claims on grounds that Nationwide's subrogee, Bushong, was not in privity with Case and therefore, no action for breach could stand. Nationwide did not respond to Case's motion for summary judgment and thus, the trial court granted the motion. Under the standard set forth in Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, if the nonmoving party fails to adequately respond to the moving party's evidence establishing the absence of a genuine issue, summary judgment is appropriately granted.
 {¶ 39} Now, on appeal, Nationwide argues that their subrogee was in privity with Case through Case's agent, Burkhart Farm Center. Under Ohio law, a contract-based theory of liability for breach of implied warranty requires privity of contract between the plaintiff and the defendant. See U.S. Fidelity Guaranty Co. v. Truck ConcreteEquipment Co. (1970), 21 Ohio St.2d 244, 257 N.E.2d 380. In limited circumstances, the manufacturer of a good and the consumer of the good may be in privity of contract where the manufacturer is so involved in the sales transaction that the distributor merely becomes the agent of the manufacturer. Bobb Forest Products, Inc. v. Morbark Industries,Inc., Belmont App. Nos. 01 BA 25, 02 BA 3, 2002-Ohio-5370, citingMettler-Toledo, Inc. v. Wysong Miles Co. (Nov. 9, 1999), 10th Dist. No. 98AP-1462. Nationwide fails to point to evidence in the record that would indicate that Case played any role, much less a significant role, in the sale of the tractor to Nationwide's subrogee. Consequently, Nationwide has failed to meet its burden with respect to Case's motion for summary judgment on the claim of breach of express or implied warranty. Accordingly, appellant's fifth and sixth assignments of error are overruled.
 {¶ 40} Finally, in its seventh assignment of error, Nationwide argues that the trial court erred when it found that the claims against Burkhart were barred by the statute of limitations. We have addressed this issue previously and therefore overrule this assignment.
 {¶ 41} In conclusion, we find no issue of material fact regarding any and all claims asserted by Nationwide against Case Corporation, Burkhart Farms Inc. and Ag Credit. Thus, we find each appellee entitled to judgment as a matter of law. For the reasons stated it is the order of this court that the judgment of the Court of Common Pleas, Hancock County is AFFIRMED.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.