[Cite as *Fipps v. Day*, 2022-Ohio-3434.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| THEODIS FIPPS, | : | |
| Relator, | : | |
| | : | No. 111633 |
| v. | : | |
| CHRISTOPHER E. DAY, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**RELEASED AND JOURNALIZED:** September 27, 2022

Writ of Mandamus
Motion No. 558076

*Appearances:*

Theodis Fipps, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons, IV, Assistant Prosecuting Attorney, *for respondent*.

MARY J. BOYLE, J.:

{¶ 1} Theodis Fipps, the relator, has filed an amended complaint for a writ of mandamus through which he seeks an order from this court that requires Magistrate Christopher E. Day "to vacate an interlocutory order as entered by him without legal authority under Civ.R. 53(D)(1)(a) and Civ.R. 53(D)(2)(a)(i)" in *Woods*

*Cove III, LLC v. Fipps*, Cuyahoga C.P. No. CV-16-863466. Magistrate Day has filed an amended motion to dismiss that is granted for the following reasons. Disposition of the complaint for mandamus is based upon procedural defects contained in the amended complaint and a substantive review of the amended complaint for mandamus.

## I. The Facts

{¶ 2} The following are garnered from Fipps's original complaint for mandamus, the amended complaint for mandamus, Magistrate Day original motion to dismiss, the amended motion to dismiss, and the electronic docket maintained by the Cuyahoga County Clerk of Courts in *Woods Cove III, LLC v. Fipps, supra*.[1]

{¶ 3} On May 18, 2016, Woods Cove III, LLC ("Woods") filed a tax certificate foreclosure action against Fipps, in Cuyahoga C.P. No. CV-16-863466, based upon delinquent property taxes due on real property located at 3634 Runnymeade Blvd., Cleveland Heights, Ohio 44121. On May 19, 2016, the trial court judge referred the foreclosure action to Magistrate Day to try the issues of law and fact arising therein and report without unnecessary delay. On August 17, 2018, Woods filed a motion to substitute Usha Pillai IRA, LLC ("Pillai") as the plaintiff in the tax certificate foreclosure action, because the tax certificates underlying the action were assigned to Pillai. On August 17, 2018, Magistrate Day granted the motion to substitute Woods with Pillai as plaintiff.

---

[1] An appellate court is permitted to take judicial notice of publicly accessible online court dockets. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.3d. 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208.

**{¶ 4}** On January 22, 2019, Magistrate Day issued a magistrate's decision that granted summary judgment on behalf of Pillai and specifically found that the tax certificates were valid and ordered that the real property subject to the tax certificates be sold at sheriff's sale. No objections were filed with regard to the magistrate's decision. On February 14, 2019, the trial court adopted the magistrate's decision and held

> [t]hat an order of Sale shall issue to the Sheriff or private selling officer directing him, without appraisal, to advertise and separately sell said parcel at public sale in the manner provided by law for the sale of real property on execution and according to Sections 5721.19 of the Ohio Revised Code and the applicable Rules of the Cuyahoga County Common Pleas Court, for not less than the total amount the findings herein which shall constitute the "minimum bid"; and that the Sheriff or private selling officer make due return to this Court, for further proceedings under law.

On July 17, 2019, the Sheriff reported a "no sale" of the real property subject to the tax certificates.

**{¶ 5}** On July 24, 2019, the trial court issued an order of forfeiture:

> Pursuant to R.C. 5721.40, the parcel, having been offered for sale twice is hereby forfeited to the certificate holder. "Usha Piullai Ira, LLC", substitute plaintiff herein. The clerk is instructed to certify a copy of this order to the county treasurer. The sheriff is ordered to prepare and record a good and sufficient deed conveying title to the parcel to "Usha Piullai IRA, LLC". Writ of possession against defendant titleholder(s) ordered issued to certificate holder.

(Emphasis deleted.)

**{¶ 6}** On March 31, 2022, Fipps filed a motion for entry of a final appealable order based upon the claim that the trial court's order of February 14, 2019, that adopted the magistrate's decision, was not a final appealable order because it

contained a "rubber stamp" judge's signature. On April 14, 2022, Magistrate Day issued an order that denied Fipps's motion for a final appealable order:

> Defendant Theodis Fipps's motion for entry of final appealable order is denied. As review of the court 2/14/19 judgment entry adopting magistrate's decision reveals that the assigned judge affixed her signature to the entry and dated the entry as of 2/11/19. A further review of the judgment entry adopting the magistrate's decision reveals that it adjudicated all claims pending before the court and complied with the requirements of Civ.R. 54(B). As a result of the (1) the judge's dated signature appearing on the judgment entry; (2) the judgment entry adjudicating all claims before the court; and (3) the inclusion of language required by Civ.R. 54 in the judgment entry, the court's 2/14/19 judgment entry adopting the magistrate's decision constituted a final, appealable order as of that date. As the court previously entered a final appealable order in this case. The defendant's motion for entry of final, appealable order is denied.

{¶ 7} On June 17, 2022, Fipps filed a complaint for a writ of mandamus. Fipps claimed that he was entitled to a writ of mandamus that required Magistrate Day to vacate the August 17, 2018 order that substituted Pillai for Woods because he possessed no legal authority to issue a substitution order. On July 6, 2022, Magistrate Day filed a motion to dismiss the complaint for a writ of mandamus. On July 15, 2022, Fipps filed an amended complaint for mandamus based upon the sole claim that Magistrate Day possessed no legal authority to deny the motion for a final appealable order. On July 19, 2022, Magistrate Day filed a second motion to dismiss that addressed the amended complaint for mandamus. For the following reasons, we grant Magistrate Days second motion to dismiss the amended complaint for mandamus.

## II. Procedural Defects

## A. Sole Claim in Original Complaint for Mandamus Abandoned

{¶ 8} The original complaint for mandamus was based upon the claim that Magistrate Day was without authority, under Civ.R. 53, to substitute Woods with Pillai as plaintiff. The amended complaint was based upon the claim that Magistrate Day was without legal authority, under Civ.R. 53, to deny the motion for a final appealable order. The second amended complaint for mandamus did not contain any claim that Magistrate Day was without authority to substitute Woods with Pillai as plaintiff. It is well settled that an amended complaint constitutes an abandonment of all previous complaints and claims. *Grimm v. Modest*, 135 Ohio St.275, 20 N.E.2d 527 (1940); *Soc. Bank & Trust Co. v. Zigterman*, 82 Ohio App.3d 124, 611 N.E.2d 477 (3d Dist.1992); *Nationwide Ins. Co. v. Case Corp.*, 3d Dist. Hancock No. 5-02-43, 2002-Ohio-6091. By neglecting to include in the amended complaint the claim that Magistrate Day's lacked authority under Civ.R. 53 to substitute Woods with Pillai as plaintiff, Fipps abandoned the claim. *Hubbard v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga No. 98304, 2013-Ohio-1028.

## B. Failure to Comply with Civ.R. 10(A)

{¶ 9} Civ.R. 10(A) states that the caption of a complaint must include "the names and addresses of all the parties * * *." Fipps has not included the addresses of any parties in the caption of his amended complaint. It is well settled that the failure to properly caption a mandamus action is sufficient grounds for denying the writ. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001); *State v. Elder*, 11th Dist. Lake No. 2013-L-114, 2014-Ohio-871; *Scott v. Sargeant*, 6th Dist.

Sandusky No. S-09-008, 2009-Ohio-1745. The failure to comply with Civ.R. 10(A) prevents this court from granting the request for a writ of mandamus.

## C. Improper Caption

{¶ 10} We also find that Fipps's complaint is defective because it is improperly captioned. Fipps styled this action as "Theodis Fipps vs. Christopher E. Day." Pursuant to R.C. 2731.04, a complaint for a writ of mandamus must be brought in the name of the state on relation of the person applying for the writ of mandamus. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 689 N.E.2d 564 (1998); *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). The failure to properly caption the complaint for mandamus mandates dismissal. *Blankenship v. Blackwell*, 103-Ohio-St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382; *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records*, 75 Ohio St. 3d 508, 664 N.E.2d 521 (1996).

## III. Mandamus Requirements and Analysis

## A. Requirements for Mandamus

{¶ 11} Finally, the complaint for a writ of mandamus fails to state a claim upon which relief can be granted. For this court to issue a writ of mandamus, Fipps must demonstrate: (1) that Fipps possesses a clear legal right to the relief prayed for, (2) that Magistrate Day possess a clear legal duty to perform the requested act, and (3) there exists or existed no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St. 3d 28, 451 N.E.2d 225 (1983);

*State ex rel. Westchester v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980); *State ex rel. Heller v. Miller*, 61 Ohio St. 2d 6, 399 N.E.2d 66 (1980); *State ex rel. Harris v. Rhodes*, 54 Ohio St. 2d 41, 374 N.E.2d 641 (1978).

**B. Substantive Review of Claim for Mandamus**

{¶ 12} A thorough review of the complaint for mandamus fails to reveal that Fipps has established he possessed a clear legal right to have the order denying the motion for a final appealable order vacated, or that Magistrate Day possessed any legal duty to vacate the order that denied the motion for a final appealable order. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510; *State ex rel. Woods v. Gagliardo*, 49 Ohio St.2d 196, 360 N.E.2d 705 (1977). Initially, we find that Magistrate Day possessed the necessary authority to issue a ruling with regard to Fipps's motion for a final appealable order. Civ.R. 53(C)(1)(a) and 53(C)(3) specifically provide that a magistrate possesses the necessary authority to determine any motion to regulate all proceedings. *Van Osdell v. Van Osdell*, 12th Dist. Warren No. CA2007-10-123, 2008-Ohio-5843; *Myles v. Johnson*, 2d Dist. Montgomery No. 21600, 2007-Ohio-2963.

{¶ 13} In addition, the claim that the trial court did not sign the judgment of February 22, 2019, that adopted Magistrate Day's magistrate decision, is without merit. Exhibit "C" attached to the amended complaint for mandamus includes only the first page of the trial court's order of February 11, 2019, and specifically includes the language of "OSJ" which refers to "order see journal." "OSJ" means that the

judgment signed is attached to the order. *Moore v. Russo*, 8th Dist. Cuyahoga No. 105448, 2017-Ohio-9166.

{¶ 14} Further review of the trial court's order adopting the magistrates decision clearly demonstrates an electronic signature. Loc.R. 19.1 of the Cuyahoga County Common Pleas Court General Division, allows for the use of an electronic signature.

> We find no prohibition to the use of an electronic signature on the type of journal entries at issue. The use of electronic signatures is authorized by the local rules and does not conflict with the criminal rules or any existing law providing it is the judge who authorizes and is in control of its use.

> Defendant acknowledges that the journal entries he is challenging all contain electronic signatures. There is no evidence in this record, nor any contention by the defendant, that would lead us to suspect that the electronic signatures were authorized by anyone other than the judge in this case. Accordingly, the use of the electronic signature by the judge constituted the attestation of a judicial act. Accordingly, the journal entries at issue comply with the Local Rules, are not inconsistent with the criminal or civil rules of procedure, and were valid under the law of this jurisdiction. See *State v. Nicholson*, Cuyahoga App. No. 91652, 2009 Ohio 3592, P9-11.

*State v. Pinkney*, 8th Dist. Cuyahoga No. 91861, 2010-Ohio-237, ¶ 37-38.

{¶ 15} It must also be noted that Fipps possessed an adequate remedy at law through an appeal of the order of foreclosure. Fipps also possessed other adequate remedies of law through: (1) the filing of an objection to Magistrate Day's motion rulings, under Civ.R. 53(D)(2)(b), which provides that "[a]ny party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days

after the magistrate's order is filed"; and (2) the filing of objections to the Magistrate's Decision under Civ.R. 53(D)(3)(b), which provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." The failure to employ the adequate remedies at law available to Fipps prevents this court from issuing a writ of mandamus. *State ex rel. Roush v. Montgomery*, 156 Ohio St. 3d 351, 2019-Ohio-932, 126 N.E.3d 1118; *State ex rel. Kerns v. Simmers*, 153 Ohio St. 3d 103, 2018-Ohio-256, 101 N.E.3d 430.

**C. Mandamus and Vain Act**

{¶ 16} Mandamus will not issue to compel a vain act. *State ex rel. Julnes v. S. Euclid City Council*, 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363; *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812; *State ex rel. Keith v. Gaul*, 8th Dist. Cuyahoga No. 102875, 2015-Ohio-3480. Where a defendant in a foreclosure action fails to obtain a stay of the distribution of the proceeds obtained from the sale of the foreclosed real property, subsequent legal action therefrom is moot because the matter has been extinguished through satisfaction of the judgment.

> Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error *or even to move for vacation of judgment.*

(Emphasis added.) *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959); *Lynch v. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶ 17} Because all funds from the sale of the real property have been distributed, title to the real property transferred, and no claim of fraud has been made by Fipps, Magistrate Day as well as the trial court lack jurisdiction to issue any further orders in the foreclosure action. To issue a writ of mandamus would constitute a vain act because Fipps is not entitled to any relief. *Ditech Fin., L.L.C. v. VAT Mgmt., L.L.C.*, 8th Dist. Cuyahoga No. 109209, 2020-Ohio-5000; *HSBC Bank, USA, Natl. Assn. v. Surrarrer*, 8th Dist. Cuyahoga No. 106316, 2019-Ohio-1539.

{¶ 18} Accordingly, we grant Magistrate Day's second motion to dismiss. Costs to Fipps. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 19} Complaint dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR