DECISION AND JUDGMENT
{¶ 1} This matter is before the court on a complaint for a writ of mandamus filed by relator, Mychal Scott, on March 11, 2009. In his complaint, relator asks this court to compel respondent, Judge Harry Sargeant, to rule on a postconviction motion filed in case number 06 CR 832, on May 5, 2008.
 {¶ 2} Pursuant to 6th Dist. Loc. App. R. 7(A), a complaint in mandamus or procedendo may not be accepted for filing in this court unless it is accompanied by a *Page 2 
$100 security deposit. If an inmate of a state institution seeks to have the security deposit waived, he or she must file a sworn affidavit of inability to secure costs. In addition:
 {¶ 3} "Except in a criminal habeas corpus action, if the affidavit is filed by an inmate of a state institution it shall be accompanied, as an exhibit thereto, by a certificate of the superintendent or other appropriate officer of the institution stating the amount of funds, if any, which the inmate has on deposit wit the institution available to the inmate to secure costs. If the certificate demonstrates that the inmate has sufficient funds available to him to secure costs the clerk shall not file the complaint until the costs are secured."
 {¶ 4} Relator has attached to his complaint an affidavit which states that he is "without sufficient funds to file this writ * * *" and that he "receives $16.00 dollars a month state pay and is fiscally overwhelmed by the purchases of hygiene and other necessities * * *." However, relator has not filed a certificate from an appropriate officer of the institution in which he is currently incarcerated to verify his lack of sufficient funds, as required by 6th Dist. Loc. App. R. 7(A).
 {¶ 5} In addition to the above, relator's complaint is improperly captioned. See R.C. 2731.04 (An application for a writ of mandamus "must be by petition, in the name of the state of the relation of the person applying.") "[F]ailure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition."Claytor v. Tricarichi, 8th Dist. No. 92745, 2009-Ohio-953, ¶ 3, citingMaloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226. *Page 3 
 {¶ 6} Finally, we note that "`[t]he basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed on him by law.'" Maury v. Martin, 7th Dist. No. 07 CA 843, 2007-Ohio-2708, ¶ 6, quoting State ex rel. Scott v. Masterson (1962), 173 Ohio St. 402,404. Since appellant's conviction respondent, Judge Harry Sargeant, has retired from the bench. In such cases, it is unclear how mandamus can be used to compel Judge Sargeant to rule on relator's postconviction relief petition. See Maury v. Martin, supra. ("It is unclear how mandamus can be issued to control the actions of a judge after he has retired from the bench and who no longer has any authority or control over the subject matter that is the basis of the mandamus complaint." Id., ¶ 6.
 {¶ 7} For the foregoing reasons, relator's complaint in mandamus is defective. Accordingly, the application for a writ of mandamus is dismissed. Costs are assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal pursuant to Civ. R. 58(B).
 {¶ 8} It is so ordered.
WRIT DENIED.
Arlene Singer, J., William J. Skow, P.J., and Thomas J. Osowik, J., concur. *Page 1