[Cite as *State v. Elder*, 2014-Ohio-871.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, PATRICK J. CONDON, | : | **PER CURIAM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2013-L-114** |
| EMMANUEL ELDER, | : | |
| Relator. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Emmanuel Elder*, pro se, PID# A644514, Lorain Correctional Institution, 2075 South Avon Beldon Road, Grafton, OH 44044 (Relator).

*Charles E. Coulson,* Lake County Prosecutor and *Joshua S. Horacek,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM

{¶1} Before this court is relator, Emmanuel Elder's, Petition for a Writ of Mandamus. Respondent, the State of Ohio/assistant prosecutor Patrick Condon, has filed a Motion to Dismiss, pursuant to Ohio Civ.R. 12(B)(6), claiming that relator has failed to state a claim upon which relief can be granted and raising various other procedural defects warranting dismissal. For the following reasons, respondent's Motion has merit and, accordingly, relator's Petition is dismissed.

{¶2} On November 8, 2013, relator filed his Petition for a Writ of Mandamus. In his Petition, he requests that this court issue a writ of mandamus, ordering "the state and trial judge" to "respond" to his Motion to Arrest the Judgment and his Motion for a New Trial, filed in the Lake County Court of Common Pleas.

{¶3} Respondent filed a Motion to Dismiss on December 11, 2013, asserting that the Petition is improperly captioned, does not comply with the affidavit requirements of R.C. 2969.25(A), and that Condon has no legal duty to respond to motions filed by relator.

{¶4} As an initial matter, there are several procedural deficiencies in relator's Petition. Pursuant to R.C. 2731.04, an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The caption of relator's petition does not indicate that the request is made in the name of the state on the relation of Elder. Instead, the petition was filed by Elder in his individual capacity. Moreover, the caption improperly lists the respondent first, in the position of the relator. Respondent has alerted relator of his failure to properly caption the mandamus action by way of the Motion to Dismiss, but relator did not seek leave to amend the complaint to comply with the requirements of R.C. 2731.04. "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." (Citation omitted.) *Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272, ¶ 4; *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶ 4 and 7, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962). Thus, dismissal is warranted on this ground alone.

{¶5} Additionally, pursuant to Civ.R. 10(A), the caption of a complaint must "include the names and addresses of all the parties," and failure to include such a caption in an original action also constitutes grounds for dismissal. *Snype* at ¶ 7; *Hill* at ¶ 8. Here, relator has failed to include the addresses of any of the parties in the caption of his Petition.

{¶6} Relator, who is presently incarcerated, also failed to comply with the affidavit requirement under R.C. 2969.25. "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Failure to attach such a document to a request for a writ of mandamus warrants dismissal, since the requirements of R.C. 2969.25 are mandatory. *State ex rel. Hill v. Logan*, 11th Dist. Trumbull No. 2012-T-0046, 2012-Ohio-3120, ¶ 7; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. Relator is currently in prison and has attached no affidavit or any documentation regarding prior civil actions filed.

{¶7} Even if we were to consider the merits of relator's Petition, dismissal would be proper. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." (Citation omitted.) *State ex rel. Sanders v. Enlow*, 11th Dist. Portage No. 2010-P-0022, 2010- Ohio-5053, ¶ 14. Relator cites to no authority to support the proposition that

Patrick Condon, as prosecutor acting on behalf of the State, is required to "respond" to the motions relator filed in the trial court. *See State v. Sklenar*, 71 Ohio App.3d 444, 446, 594 N.E.2d 88 (9th Dist.1991) (an appellant cannot compel the prosecutor to respond to his postconviction petition).

{¶8} We note that relator alleges in the body of his petition that the "trial court," i.e., Judge Richard Collins, Jr., also failed to "respond" to his motions. He further asserts that Judge Collins issued an October 22, 2013 Judgment Entry, staying action on his motions pending appeal, that was unsupported by law. However, relator did not bring the present action against Judge Collins, since he failed to identify him in the caption as a respondent. A petition is "fatally deficient" and dismissal is warranted when it fails to properly identify the respondent. *State ex rel. Sherrills v. State*, 8th Dist. Cuyahoga No. 78261, 2000 Ohio App. LEXIS 3510, 3 (Aug. 3, 2000) (where the body of the petition sought relief from certain individuals but they were not identified in the caption as respondents, the petition in mandamus must be dismissed since, "[w]ithout properly identifying the respondent it is impossible to determine whether or not there are rights and duties enforceable in mandamus"); *State ex rel. Jackson v. Lucas Cty.*, 6th Dist. Lucas No. L-96-049, 1996 Ohio App. LEXIS 1138, 3 (Mar. 5, 1996) ("[t]his court cannot direct a writ of mandamus to an unidentified respondent").

{¶9} For the foregoing reasons, respondent's Motion to Dismiss is granted. It is the order of this court that relator's Petition for Writ of Mandamus is dismissed.

DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

4