[Cite as *State v. Lacy*, 2014-Ohio-3858.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                                    Court of Appeals No. H-14-013

      Respondent

v.

Gary Lacy                                                       **DECISION AND JUDGMENT**

      Relator                                               Decided:  September 4, 2014

* * * * *

Gary Lacy, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} Relator, Gary Lacy, has filed a petition for a writ of mandamus against respondent, the state of Ohio.  In the petition, relator requests that this court issue a writ of mandamus, pursuant to R.C. Chapter 2731, ordering respondent to rule on his petition for postconviction relief, which was filed in the trial court on April 11, 2014.  In support, relator states that a non-oral hearing was set for July 10, 2014, in response to his motion

for summary judgment. Relator states that, to date, the trial court has not ruled on either his postconviction relief petition or the summary judgment motion.

{¶ 2} There are several procedural deficiencies in the petition. First, pursuant to R.C. 2731.04, an

> "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." If a petition is not brought in the name of the state, the respondent may seek to have the petition dismissed on that basis. *Rivera v. Mandros*, 6th Dist. Lucas No. L-13-1008, 2013-Ohio-800, ¶ 3, quoting *Rust v. Lucas Co. Bd. of Elections*, 108 Ohio St.3d 139, 142, 2005-Ohio-5785, 841 N.E.2d 766.

{¶ 3} The caption of relator's petition does not state that the request is being made in the name of the state on Lacy's behalf. In addition, Civ.R. 10(A) states that the caption of a complaint must include "the names and addresses of all the parties * * *. In this case, relator has failed to properly name a respondent, and has not included the addresses of any parties. It is well-settled that "failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition." *Scott v. Sargeant*, 6th Dist. Sandusky S-09-008, 2009-Ohio-1745, ¶ 5; *State ex rel. Condon v. Elder*, 11th Dist. Lake No. 2013-L-114, 2014-Ohio-871, ¶ 4, citing *Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1727, ¶ 4.

2.

**{¶ 4}** Upon consideration we find that, even though the state has not moved to have the complaint dismissed, the petition is so defective on its face that its dismissal is warranted.

**{¶ 5}** Finally, if the relator in an action in mandamus is acting pro se and is also incarcerated at the time the petition is filed, he or she must follow the requirements set forth in R.C. 2969.25, which states:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of

court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 6} A review of the petition shows that relator did not comply with R.C. 2969.25 by filing an affidavit along with his petition. Accordingly, relator has failed to comply with the mandatory requirements of R.C. 2959.25, and the petition is subject to dismissal on that basis. *See State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 696 N.E.2d 594 (1998).

{¶ 7} As to the merits of relator's request, in order to grant a petition for a writ of mandamus, the court must find that relator has "a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law." *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3, 591 N.E.2d 1186 (1992), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). Attached to the petition is a "Notice of Assignment" stating that a "non-oral hearing regarding [relator's] motion for summary judgment" was held on July 10, 2014. The record shows that the petition was filed 22 days later.

{¶ 8} "[A] court has inherent power to 'regulate procedure that justice may be the result.'" *State ex rel. Rodgers v. Cuyahoga Cty. Ct. of Common Pleas*, 83 Ohio App.3d 684, 686, 615 N.E.2d 689 (8th Dist.1992). While a trial court may not postpone the resolution of an issue indefinitely, it is generally not appropriate for an appellate court to control the trial court's discretion in such matters through a writ of mandamus,

4.

particularly where it has been less than 30 days since the issue was submitted for resolution. *Id.*

{¶ 9} On consideration, we find that relator does not have a clear legal right to compel the trial court to determine whether he is entitled to summary judgment on his postconviction petition at this time. Accordingly, his petition for a writ of mandamus is premature.

{¶ 10} For the foregoing reasons, the petition for a writ of mandamus is without merit, and is dismissed. Costs are assessed to relator.

{¶ 11} **To the clerk: Manner of service.**

{¶ 12} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

{¶ 13} It is so ordered.

Writ denied.

Mark L. Pietrykowski, J.               _____
                                                        JUDGE

Thomas J. Osowik, J.

                                       _____

James D. Jensen, J.                                 JUDGE
CONCUR.

                                       _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.