[Cite as *State v. Henton*, 2014-Ohio-5311.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2014-A-0045** |
| W.D. HENTON, | : | |
| Relator. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Mike DeWine*, Ohio Attorney General, and *Caitlyn A. Nestleroth*, Assistant Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH  43215 (For Respondent).

*W.D. Henton, pro se*, PID: A651-180, Belmont Correctional Institution, P.O. Box 540, 68518 Bannock Road, St. Clairsville, OH  43950 (Relator).

TIMOTHY P. CANNON, P.J.,

Before this court is a pro se pleading filed by W.D. Henton entitled, "Eighth Amendment Violation," which we construe as a petition for writ of mandamus.  The essence of Henton's petition appears to be that the Ashtabula County Jail refuses to forward medical records pertaining to treatment he received there to the Belmont Correctional Institution, where he is currently incarcerated.  The state of Ohio has filed a

motion to dismiss. Henton filed a "Rebuttal to Dismissed [sic]," the arguments of which are largely unintelligible. For the following reasons, Henton's petition is dismissed.

A court may sua sponte dismiss a petition for an extraordinary writ when it is improperly captioned. *See, e.g., Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272, ¶4; *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227 (1962). Pursuant to Civ.R. 10(A),[1] the caption of a complaint must "include the names and addresses of all the parties." Additionally, R.C. 2731.04 states that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Failure to do so constitutes sufficient grounds for dismissal. *Snype* at ¶7; *see also Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶8.

Further, when "an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Failure to comply with this mandatory affidavit requirement also constitutes sufficient grounds for dismissal. *Condon v. Elder*, 11th Dist. No. 2013-L-114, 2014-Ohio-871, ¶6; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶4.

In this case, the caption of Henton's petition does not comply with Civ.R. 10(A) or R.C. 2731.04. Although the body of the document appears to request that an order be issued against the Ashtabula County Jail, the caption does not list the jail or any representative of the jail as the respondent, nor does it list any address for service. In

---

1. The civil rules, to the extent they are applicable, govern mandamus actions. *See* 11th Dist.Loc.App.R. 101(B).

fact, the caption improperly refers to the "State of Ohio" as the petitioner; it fails to bring the action in the name of the state on relation of Henton. Finally, Henton has not attached the affidavit as required under R.C. 2969.25.

Accordingly, we dismiss Henton's petition for a writ of mandamus.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.