[Cite as *State ex rel. Bristow v. Baxter*, 2018-Ohio-1616.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Lonny Bristow          Court of Appeals No. E-18-009

      Relator

v.

Kevin Baxter, et al.          **DECISION AND JUDGMENT**

      Respondents          Decided:  April 24, 2018

\* \* \* \* \*

Lonny Bristow, pro se.

\* \* \* \* \*

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on relator's, Lonny Bristow, fourth amended petition for a writ of mandamus.[1]  In his petition, relator requests an order requiring respondents, Erie County Prosecuting Attorney Kevin Baxter and numerous other Erie

---

[1] Relator has been declared a vexatious litigator pursuant to R.C. 2323.52.  By separate order, we have granted relator leave to file this petition.

County officials, to comply with his public records requests to release the contents of all incoming and outgoing emails for certain individuals over a defined period, and for personnel files of certain individuals. Relator also seeks an order requiring the Erie County Clerk of Courts, Erie County Sheriff, and Erie County Prosecuting Attorney to conspicuously post a table of fees to which he or she is entitled in accordance with R.C. 2335.30. Because relator's petition for a writ of mandamus fails to meet basic requirements of filing, we sua sponte dismiss his petition.

{¶ 2} In particular, we find that the petition for a writ of mandamus is fatally defective because it does not comply with Civ.R. 10 and 11 in that it does not provide an address for relator, but instead only provides an e-mail address.[2] *See* Civ.R. 10(A) ("In the complaint the title of the action shall include the names and addresses of all the parties * * *."); Civ.R. 11 ("A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. A party who is not represented by an attorney *may further* state a facsimile number or e-mail address for service by electronic means under Civ.R. 5(B)(2)(f)." (Emphasis added.)). "It is well-settled that 'failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.'" *State v. Lacy*, 6th Dist. Huron No.

---

[2] Notably, the original motion for leave and attached petition for a writ of mandamus filed on March 5, 2018, as well as the amended motion for leave and attached amended petition for a writ of mandamus filed on March 20, 2018, the second amended motion for leave and attached second amended petition for a writ of mandamus filed on March 29, 2018, and the third amended motion for leave and attached third amended petition for a writ of mandamus filed on April 11, 2018, also do not provide an address for relator.

2.

H-14-013, 2014-Ohio-3858, ¶ 3, quoting *Scott v. Sargeant*, 6th Dist. Sandusky No.

S-09-008, 2009-Ohio-1745, ¶ 5.

{¶ 3} Accordingly, relator's petition for a writ of mandamus is hereby dismissed at

relator's costs. The clerk is directed to serve upon the parties, within three days, a copy

of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE
Thomas J. Osowik, J.

                                            _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                            _____
                                                          JUDGE