[Cite as *State ex rel. Bristow v. Brown*, 2018-Ohio-1822.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Lonny Bristow      Court of Appeals No. L-18-1064

    Relator

v.

Stacey Jo Brown      **DECISION AND JUDGMENT**

    Respondent      Decided:  May 4, 2018

* * * * *

Lonny Bristow, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This matter is before the court on relator Lonny Bristow's petition for a writ

of mandamus.[1]  Relator asserts that he made a public records request from the

respondent, Stacey Jo Brown, who is the public records officer for the University of

---

[1] Relator has been declared a vexatious litigator pursuant to R.C. 2323.52.  By separate
order, we have granted relator leave to file this petition.

Toledo. Specifically, relator sought the personnel files of two named individuals affiliated with the university: a peace officer and a university lecturer, referred to as "Officer G." and "D.R.," respectively. Relator claims that respondent provided the files but inappropriately redacted some information. In his petition, relator seeks an order requiring respondent to provide (1) Officer G.'s email addresses and (2) "unredacted information on [D.R.'s] addresses and phone numbers." Because relator's petition for a writ of mandamus fails to meet basic requirements of filing, we sua sponte dismiss it.

{¶ 2} In particular, we find that the petition for a writ of mandamus is fatally defective because it does not comply with Civ.R. 10 and 11 in that it does not provide an address for relator, but instead only provides an e-mail address.[2] *See* Civ.R. 10(A) ("In the complaint the title of the action shall include the names and addresses of all the parties * * *."); Civ.R. 11 ("A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. A party who is not represented by an attorney *may further* state a facsimile number or e-mail address for service by electronic means under Civ.R. 5(B)(2)(f)." (Emphasis added.)). "It is well-settled that 'failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.'" *State v. Lacy*, 6th Dist. Huron No. H-14-013, 2014-Ohio-3858, ¶ 3, quoting *Scott v. Sargeant*, 6th Dist. Sandusky No. S-09-008, 2009-Ohio-1745, ¶ 5.

---

[2] The motion for leave to proceed as a vexatious litigator which attached his petition for a writ of mandamus also did not provide an address for relator.

2.

{¶ 3} Accordingly, relator's petition for a writ of mandamus is hereby dismissed at relator's costs. The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.