[Cite as *State v. Johnson*, 2024-Ohio-1511.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-24-1074

      Respondent

v.

Alfred Johnson, Sr.                                   **DECISION AND JUDGMENT**

      Relator                                   Decided: April 19, 2024

* * * * *

Alfed Johnson, Sr., pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This matter is before the court on the "Notice of Appeal: Mandamus, Judge McNamara" filed by relator-appellant, Alfred A. Johnson, Sr., acting pro se. We will treat relator's "notice of appeal" as an original petition for a writ of mandamus. *Crenshaw v. Lucas Cty. Bd. of Elections*, 1996 WL 562856, *1 (6th Dist. Sept. 30, 1996) (construing a

"mostly incomprehensible" pro se document as a petition for a writ of mandamus seeking that relief).

{¶ 2} Relator is the defendant in Lucas County Common Pleas case No. CR0202101960, and we construe his petition is against respondent, Judge Joseph V. McNamara, the trial judge assigned to relator's case. Relator appears to request this court to compel respondent to "follow [R.C.] 149.43(B)(8) * * * [because] Discovery is needed for the recently filed motions," which relator does not identify. Rather, we find that relator is essentially seeking to reverse his 2022 conviction claiming the necessity of "full discovery" of the "search warrant" and "police report," which he self-declares are "all exculpatory evidence." As justification for the petition, relator alleges he can pay for the discovery. For the following reasons, appellant's petition is denied.

{¶ 3} By way of background, on March 10, 2022, a jury convicted appellant of the second-degree felony of robbery arising from theft from a retail store and assaulting a store employee in the course of fleeing the store. On April 1, 2022, the trial court sentenced appellant to an indefinite prison sentence of seven to ten and one-half years. We affirmed appellant's conviction and sentence on direct appeal. *State v. Johnson*, 2023-Ohio-2424 (6th Dist.). Since then, relator has filed numerous post-conviction actions essentially seeking to vacate his conviction, all of which have been denied by the trial court, affirmed by our court and by the Ohio Supreme Court on appeal, or are currently pending.

{¶ 4} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law

2

specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus is an extraordinary remedy. "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. New Wen, Inc. v. Marchbanks*, 2020-Ohio-63, ¶ 15. Relator fails to meet his burden because his mandamus petition is fatally flawed and must be sua sponte dismissed for a number of reasons.

{¶ 5} First, relator did not file his petition in the name of the state on the relation of the person applying as required by R.C. 2731.04, which states, "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Where the petition presented to this court is not in the name of the state on the relation of relator-appellant, "[t]his deficiency alone is an adequate reason to deny the petition." *Brown v. Sargeant*, 2003-Ohio-3839, ¶ 2 (6th Dist.), citing *Maloney v. Court of Common Pleas of Allen Cnty.*, 173 Ohio St. 226, 227 (1962) (affirming the appellate court's denial of the mandamus petition upon petitioner's failure to satisfy R.C. 2731.04).

{¶ 6} Second, sua sponte dismissal is also proper for relator's failure to comply with 6th Dist.Loc.App.R. 6(B), which states, "The complaint [for writ of mandamus] shall contain, the name, title, and address of each respondent. * * * [T]he original action shall proceed as any civil action under the Ohio Rules of Civil Procedure as may be applicable to original actions." *See Parra v. Barlos*, 1998 WL 172822, *1 (6th Dist. Apr. 6, 1998)

3

(dismissal of relator's action is proper for failing to comply with local appellate rules and where "pleading is not correctly formatted to establish the requirements of an action in mandamus."). Here, relator merely repeats the caption for his underlying criminal case. It is well-settled that failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Scott v. Sargeant*, 2009-Ohio-1745, ¶ 5 (6th Dist.).

{¶ 7} Third, relator's mandamus petition is an original action requiring the filing of an original complaint and payment of the fees set forth in 6th Dist.Loc.App.R. 7(A), which he did not do. *State v. Adkins*, 2004-Ohio-2454, ¶ 2 (6th Dist.). Under 6th Dist.Loc.App.R. 7(A), a party bringing an action in mandamus must deposit the sum of $100 as security for the payment of the costs that may accrue in the original action, or must file an affidavit of his/her inability to do so. Relator did not deposit costs or file an affidavit of indigency. In fact, relator states in his petition that he has the ability to pay for the original action, "I am asking this court to compel McNamara for a full discovery that I can pay for myself $$ (sic.)." However, relator did not pay the deposit. This court has repeatedly held that a relator's failure to comply with 6th Dist.Loc.App.R. 7(A) is grounds for sua sponte dismissal of a mandamus petition. *State ex rel. Strauder v. Tone*, 2013-Ohio-5186, ¶ 1 (6th Dist.); *State ex rel. Bristow v. Mitchell*, 2013-Ohio-5185, ¶ 4; *Scott* at ¶ 2-4 (6th Dist.).

{¶ 8} Fourth, relator is a pro se, incarcerated inmate who must follow the requirements set forth in R.C. 2969.25 by submitting with his mandamus petition an affidavit as to prior actions he has filed in the last five years. *State ex rel. Alford v. Winters,*

4

80 Ohio St.3d 285, 286 (1997). Specifically, R.C. 2969.25(A) provides that, at the time of petitioning for mandamus relief, "the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Here, relator did not file the required affidavit.[1] Sua sponte dismissal is proper where relator fails to comply with R.C. 2969.25. *Id.*; *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 4.

{¶ 9} Accordingly, we sua sponte dismiss relator's petition for a writ of mandamus at relator's costs. The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

It is so ordered.

Writ Denied.

Thomas J. Osowik, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

---

[1] R.C. 2319.02 provides that an affidavit is "a written declaration under oath, made without notice to the adverse party."